1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDY LEE BOAG, et al.,

              Plaintiffs,

    v.

LITTON LOAN SERVICING, et al.,

              Defendants.

CASE NO. C11-5838BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTIONS TO
DISMISS

      This matter comes before the Court on Defendants Litton Loan Servicing, LP,

HSBC Bank USA, National Association, as Trustee for OwnIt Mortgage Loan Trust,

Mortgage Loan Asset-Backed Certificates, Series 2005-2, Mortgage Electronic

Registration Systems Inc.'s, and Wells Fargo Bank, N.A.'s (collectively "Defendants")

motions to dismiss the complaint (Dkts. 15 & 16) and Defendant Northwest Trustee

Services, Inc.'s ("NWTS") motion to dismiss the complaint (Dkt. 19). The Court has

considered the pleadings filed in support of, and in opposition to, the motion and the

remainder of the file. For the reasons set forth herein, the Court grants in part and denies

in part the motions.

# I. PROCEDURAL HISTORY

On October 11, 2011, Plaintiffs Randy Lee Boag and Katherine Ann Boag, as individuals and the marital community comprised thereof ("the Boags") filed a complaint against Defendants and NWTS.  Dkt. 1.

On November 29, 2011, Defendants filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of all claims alleged against them in the Boags' complaint.  Dkts. 15 & 16.  On December 17, 2011, the Boags responded (Dkt. 21) and on January 3, 2012, Defendants replied (Dkt. 26).

On December 6, 2012, NWTS also filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of all claims alleged against it in the Boags' complaint.  Dkt. 19.  On January 2, 2012, the Boags responded (Dkt. 24) and on January 6, 2012, NWTS replied (Dkt. 27).

# II. FACTUAL BACKGROUND

This matter arises out of a mortgage loan obtained by the Boags from Defendant OwnIt Mortgage Solutions, Inc. to finance real property located at 180 West Manor Road, Shelton, Washington 98584.  Dkt. 1 at 3-4.  The Deed of Trust executed in connection with the promissory note identifies Mortgage Electronic Registrations Systems, Inc. ("MERS") as the beneficiary acting "solely as a nominee for Lender and Lender's successors and assigns."  Dkt. 1 at 7.  The Boags admit defaulting on their loan payments on October 1, 2008.  Dkt. 1 at 5.  In their complaint, the Boags have asserted claims against Defendants for: (1) declaratory relief; (2) violation of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601, et seq.; (3) quiet title; (4) fraud

1   in the inducement; (5) violation of the Washington Consumer Protection Act ("CPA"),

2   RCW § 19.86; and (6) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §

3   1681, et seq. Dkt. 1 at 11-22.

4        Because the Court accepts as true the Boags' factual allegations for purposes of

5   deciding the motion to dismiss (*see Parks School of Business, Inc. v. Symington*, 51 F.3d

6   1480, 1484 (9th Cir. 1995), the Court adopts the allegations of fact contained in the

7   Boags' complaint. *See* Dkt. 1.

8                              **III. DISCUSSION**

9        Defendants and NWTS move to dismiss with prejudice all of Plaintiffs' claims

10  pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkts. 15, 16, & 19.

11  **A.    Standard**

12       Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

13  Procedure may be based on either the lack of a cognizable legal theory or the absence of

14  sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Department*,

15  901 F.2d 696, 699 (9th Cir. 1990).  A court accepts the factual allegations in the

16  complaint as true for purposes of deciding the motion to dismiss.  *Id*.  To survive a

17  motion to dismiss, the complaint does not require detailed factual allegations but must

18  provide the grounds for entitlement to relief and not merely a "formulaic recitation" of

19  the elements of a cause of action. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

20  (2007) "Factual allegations must be enough to raise a right to relief above the speculative

21  level, on the assumption that all the allegations in the complaint are true (even if doubtful

22

1  in fact)." *Id*. at 555-56 (internal citations omitted).  Plaintiffs must allege "enough facts
2  to state a claim to relief that is plausible on its face." *Id*. at 570.

3  **B.    Judicial Notice**

4         The Court will take judicial notice of public documents when the authenticity of
5  such documents cannot reasonably be disputed.  *See Rodriguez v. Loudeye Corp.*, 144
6  Wn. App. 709-725-26 (2008).  Here, the Court takes judicial notice of the Deed of Trust,
7  Assignment, Appointment, Notice of Sale, and Amended Notice of Sale, as requested by
8  NWTS.  *See* Dkt. 19 & Dkts. 19-1 to 19-5.

9         The Boags request judicial notice of documents related to a case involving MERS
10  (Dkts. 22-1 through 22-4).  Because Defendants dispute the authenticity of these
11  documents, and the Court need not rely on them in reserving ruling on the MERS issue as
12  discussed below, the Court denies the Boags' request for judicial notice.  The Court notes
13  that it will not rely on the documents contained in Dkts. 22-3 and 22-4, but does rely on
14  the case cited in those documents by referring directly to the case itself.  *See Bain v.*
15  *OneWest Bank, F.S.B.*, No. C09-0149JCC (W.D. Wash. March 15, 2011).  Because the
16  Court relies on its own documents contained on the docket in Case No. C09-0149, the
17  authenticity of such documents cannot reasonably be disputed.

18  **C.    Wells Fargo's Motion to Dismiss**

19         As an initial matter, the Court notes that Wells Fargo's motion (Dkt. 16) is
20  identical to the other Defendants' motion to dismiss (Dkt. 15) with the exception of the
21  paragraph contending that claims against Wells Fargo should be dismissed because the
22  claims are not alleged against Wells Fargo (Dkt. 16 at 5).  The Court agrees.  The Boags

1    do not list Wells Fargo in the "Parties" section of the complaint (Dkt. 19 at 2-3) and the

2    only mention of Wells Fargo is contained in one paragraph in the factual allegations

3    under the RESPA claim and simply states that Litton provided the Boags with the address

4    for Wells Fargo (*id*. at 15).  In addition, the Boags do not respond to Wells Fargo's

5    motion to dismiss in their opposition in that they do not explain why Wells Fargo is not

6    named as a defendant in the complaint or what claims they intended to assert against

7    Wells Fargo.  *See* Dkts. 1 & 21.  Accordingly, the Court concludes that Wells Fargo's

8    motion to dismiss should be granted.

9    **D.    Defendants' Motion to Dismiss**

10          **1.    The Role of MERS**

11          The Boags base their request for declaratory relief and their quiet title claim on

12   their allegation that MERS is not entitled to act as the beneficiary under the deed of trust

13   pursuant to the Washington Deed of Trust Act and therefore, the assignment from MERS

14   to HSBC was invalid.  *See* Dkt. 1 at 11-13 & 18.  Defendants maintain that the Boags'

15   argument fails because they signed a deed of trust that specifically states that MERS acts

16   "as nominee for Lender and Lender's successors and assigns" and that MERS "has the

17   right: to exercise any or all of those interests [granted by the borrower in the Deed of

18   Trust], including, but not limited to, the right to foreclose and sell the Property; and to

19   take any action required of Lender . . . ."  Dkt. 15 at 9 (quoting Dkt. 1 at 7).

20          The argument that MERS is not a proper beneficiary because MERS only tracks

21   deeds instead of actually holding the deed has been consistently rejected by this Court.

22   *See, e.g.*, *Vawter v. Quality Loan Service Corp. of Washington*, 707 F. Supp. 2d 1115,

1   1125-26 (W.D. Wash. 2010); *Daddabbo v. Countrywide Home Loans, Inc.*, No. C09-

2   1417RAJ, 2010 WL 2102485 (W.D. Wash., May 20, 2010); *Moon v. GMAC Mortgage*

3   *Corp.*, No. C08-969TSZ, 2008 WL 4741492 (W.D. Wash., Oct. 24, 2008).  The Boags

4   have failed to allege facts or advance an argument that distinguishes their case from these

5   recent cases.  Therefore, the Court is inclined to grant Defendants' motion to dismiss on

6   the Boags' claims that rely on their argument regarding the role of MERS.

7          The Court, however, has stayed adjudication based on a related question being

8   certified to the Washington Supreme Court.  *See Bain v. OneWest Bank, F.S.B.*, No. C09-

9   0149JCC (W.D. Wash. March 15, 2011).   Therefore, the Court will reserve ruling on this

10  issue because of the effect the Washington Supreme Court's decision may have on the

11  Court's consideration of the Boags' request for declaratory relief and quiet title claim.

12  **2.      RESPA**

13         The Boags allege that they submitted to Defendants, through their attorney,

14  multiple Qualified Written Requests, as defined by RESPA, to which Defendants did not

15  respond.  Dkt. 1 at 14-17.  RESPA provides in pertinent part:

16         If any servicer of a federally related mortgage loan receives a qualified
           written request from the borrower (or an agent of the borrower) for
17         information relating to the servicing of such loan, the servicer shall provide
           a written response acknowledging receipt of the correspondence within 20
18         days . . . unless the action requested is taken within such period.

19  12 U.S.C. § 2605(e)(1)(A).  A "Qualified Written Request" ("QWR") is defined as

20  a written document including the name and account of the borrower and "includes

21  a statement of the reasons for the belief of the borrower, to the extent applicable,

22

1  that the account is in error or provides sufficient detail to the servicer regarding

2  other information sought by the borrower."  12 U.S.C. § 2605(e)(1)(B).

3       Here, the Court concludes that the Boags have not sufficiently pled their RESPA

4  claim against Litton to survive Defendants' motion to dismiss.  The complaint contains

5  specific details alleging the dates, the subject matter, and other pertinent information that

6  were in the alleged QWRs. Dkt. 1 at 14-17.  The Boags did not allege sufficient

7  information regarding their actual damages.  *See id*.; *see also* 12 U.S.C. § 2605(f)(1)

8  (requiring "actual damages" as a result of defendants' conduct).  However, the Court

9  concludes that this claim will be dismissed without prejudice to give the Boags an

10  opportunity to include specific allegations regarding the actual damages they suffered as

11  a result of Litton's actions. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)

12  (stating that motions to dismiss under Rule 12(b)(6) are disfavored and that "[d]ismissal

13  without leave to amend is proper only in 'extraordinary' cases").

14      **3.**    **Fraud**

15       To prevail on a claim for fraud, a plaintiff must establish the following elements:

16      (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the
    speaker's knowledge of its falsity; (5) intent of the speaker that it should be

17      acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7)
    plaintiff's reliance on the trust of the representation; (8) plaintiff's right to

18      rely upon it; and (9) damages suffered by the plaintiff.

19  *Stiley v. Block*, 130 Wn. 2d 486, 504 (1996).

20       In their complaint, the Boags allege a claim for fraud in the inducement stating

21  that Defendants persuaded  them to "completely remodel the property to a condition that

22  would greatly increase the property's value with the promise of a refinance" that would

1  lower their interest rate and monthly payments on the mortgage.  Dkt. 1 at 19.  The

2  Boags, incurring out-of-pocket expenses, made over $200,000 worth of improvements.

3  *Id.*  The Boags maintain that "Litton's true intention was to amass as much fee income

4  through misappropriation of mortgage/escrow payments creating default ultimately

5  leading to foreclosure on the subject property."  *Id.*

6      Defendants contend that the Boags' claim for fraud must be dismissed because the

7  claim is predicated on an alleged future promise that Defendants would refinance their

8  property after the remodel, and that such a promise does not constitute a "representation

9  of existing fact."  Dkt. 15 at 13-14 (quoting *Shook v. Scott*, 56 Wn.2d 351, 355-56

10  (1960)).  The Court agrees.  In *Shook*, the Washington Supreme Court held that, for

11  purposes of considering whether a representation pertains to an existing fact, or is a mere

12  expression of opinion or a promise, the following test should be applied:

13      Where the fulfillment or satisfaction of the thing represented depends upon
        a promised performance of a future act, or upon the occurrence of a future
14      vent, or upon particular future use, or future requirements of the
        representee, then the representation is not of an existing fact.

15
16  56 Wn.2d at 356.  Here, even if the Court accepts as true the facts alleged by the Boags,

17  their assertion that Defendants committed fraud in making the promise to do something

18  in the future (i.e. refinance the home) are insufficient to support a claim for fraud because

19  the "promised performance of a future act" (*id.*) does not constitute representation of an

20  existing fact.  The Court also notes that the Boags fail to plead any facts in support of the

21  element requiring the speaker's knowledge of the falsity and do not respond to this issue

22

1 in their opposition to the motion to dismiss.  *See* Dkts. 1 at 19 & 21.  Accordingly, the

2 Boags' claim for fraud must be dismissed.

3 **4.    CPA**

4          To prevail on a CPA claim, a plaintiff must show: (1) an unfair or deceptive act or

5 practice; (2) that occurs in trade or commerce; (3) a public interest; (5) injury in their

6 business or property; and (5) a causal link between the unfair or deceptive act and the

7 injury suffered.  *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105

8 Wash. 2d 778, 780 (1986). Failure to satisfy even one of the elements is fatal to a CPA

9 claim.  *Id*. at 794-95.

10          As an initial matter, for the reasons discussed above regarding the role of MERS

11 and the Court's specific ruling in *Bain* that MERS' attempt to serve as a beneficiary may

12 be improper under state law and therefore may be the basis of a CPA claim (No. C09-

13 0149JCC at 10-11), the Court reserves ruling on the Boags' CPA claim based on the

14 involvement of MERS.

15          In addition to the role of MERS, the Boags allege additional facts in support of

16 their CPA claim regarding Defendants' unfulfilled promise to refinance their home

17 following the improvements made to the home, Defendants acting deceptively in not

18 providing the proper documentation and failing to disclose the precise terms of the loan,

19 as well as misappropriating mortgage and escrow payments.  *See* Dkts. 1 & 21 at 9-10.

20 The Court concludes that the Boags have sufficiently pled their CPA claim based on

21 these facts.  Although it is unclear to the Court whether the Boags will ultimately prevail

22 in establishing the public interest, as well as the other elements, and ultimately proving

1  their CPA claim, the Court concludes that their alleged facts, when taken as true, are

2  sufficient to support a CPA claim and defeat Defendants' motion to dismiss.

3      **5.      FCRA**

4          The Boags' final claim alleges that Defendant Litton violated the FCRA by

5  disregarding the requirement to cease reporting because of the Boags' bona fide dispute

6  on the application of payments.  Dkt. 1 at 21.  The Boags maintain that they sent multiple

7  notices to Litton beginning in June of 2009, with the final notice sent in November of

8  2010, and did not receive any response to the notices until November 22, 2010.  *Id*. at 21-

9  22.  Thus, according to the Boags, Litton should have ceased its negative reporting to the

10 credit bureaus based on the disputed escrow payments contained in the notices.  *Id*.

11         Section 1681s-2 of the FCRA provides for a private right of action against a

12 furnisher of information, as defined by the statute, based on a response (or lack thereof)

13 to a notice of dispute received directly from the consumer or borrower.  *See Nelson v.*

14 *Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002).

15         Here, Defendants argue that the Boags' FCRA claim must be dismissed because

16 there is no duty under the FCRA that would require Litton to cease its reporting duty

17 simply because the Boags submitted QWRs.  Dkt. 15 at 16.  In addition, Defendants

18 contend that the claim must be dismissed because the Boags failed to include any

19 allegation that they notified the credit reporting agency regarding the disputed reporting,

20 a prerequisite to bringing an FCRA claim.  *Id*. at 16-17.

21         The Court concludes that the Boags have failed to allege facts sufficient to support

22 their claim under the FCRA.  The FCRA requires a consumer who disputes furnished

1   credit information to follow the procedure laid out in the FCRA and includes an initial

2   requirement of notifying the credit reporting agency directly of the dispute.  15 U.S.C.

3   §1681i.  Although the Boags state in their opposition to the motion to dismiss that they

4   have "notified all of the appropriate parties regarding [their] claims," this is insufficient

5   to constitute a proper allegation of facts to support their FCRA claim.  Accordingly,

6   Defendants' motion to dismiss the Boags' FCRA claim is granted.

7         **6.**     **Conclusion**

8         The Court denies Defendants' motion with respect to the Boags' CPA claim based

9   on Defendants' alleged deceptive actions.  The Court reserves ruling on Defendants'

10  motion regarding the Boags' request for declaratory relief and quiet title and CPA claim

11  based on the role of MERS as beneficiary.  Finally, the Court grants Defendants' motion

12  to dismiss the Boag's RESPA, fraud, and FCRA claims.  However, as discussed herein,

13  the Court rarely dismisses a plaintiff's claim with prejudice in response to a motion

14  brought under Rule 12(b)(6).  Accordingly, the Court's dismissal of the Boags' fraud and

15  FCRA claims, in addition to their claim under RESPA, will be without prejudice and the

16  Boags may seek leave to amend their complaint if necessary to further allege facts in

17  support of these claims.  *See Broam,* 320 F.3d at 1028 (9th Cir. 2003).

18  **E.**    **NWTS's Motion to Dismiss**

19        NWTS seeks dismissal of all claims brought against it in the Boags' complaint.

20  Dkt. 19.  In their response to NWTS's motion to dismiss, the Boags concede that their

21  RESPA and quiet title claims brought against NWTS should be dismissed with prejudice.

22  Dkt. 24 at 2.  In addition, the Boags concede that their fraud claim brought against

1    NWTS should be dismissed without prejudice.  Next, the Boags state that they would like

2    to amend their complaint to add a claim against NWTS under RCW § 62.24.010.  Finally,

3    the Boags maintain that their request for declaratory relief and CPA claim should remain.

4         The Court concludes that the Boags' claims for RESPA and quiet title will be

5    dismissed with prejudice and that their claim for fraud will be dismissed without

6    prejudice for the same reasons certain claims against Defendants are dismissed without

7    prejudice.  In addition, the Court will reserve ruling on the Boags' request for declaratory

8    relief and CPA claim because of the pending issue of the role of MERS as discussed

9    above.  The Court also notes that if the Boags wish to amend their complaint to allege a

10   claim against NWTS under RCW § 62.24.010, or any other claim against any defendant,

11   they must seek to do so in a properly file motion to amend.

12                                  **IV. ORDER**

13        Therefore, it is hereby **ORDERED** that Wells Fargo's motion to dismiss (Dkt. 16)

14   is **GRANTED** and Defendants' motion to dismiss (Dkt. 15) and NWTS's motion to

15   dismiss (Dkt. 19) are **GRANTED in part** and **DENIED in part** as discussed herein.

16        Dated this 12th day of March, 2012.

17

18

19                               _____

                                 BENJAMIN H. SETTLE
20                               United States District Judge

21

22

ORDER - 12