UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDY LEE BOAG, et al.,

         Plaintiffs,

   v.

LITTON LOAN SERVICING, et al.,

         Defendants.

CASE NO. C11-5838 BHS

ORDER GRANTING DISMISSAL OF CERTAIN CLAIMS

This matter comes before the Court on multiple Defendants' motions to dismiss (Dkts. 15 &19) and this Court's order granting in part and denying in part those Defendants' motions to dismiss, granting leave to amend, and reserving ruling on Plaintiffs Randy Lee and Katherine Boag's ("Boags") claims for declaratory relief, quiet title, and CPA violations, until the Washington State Supreme Court's issued *Bain v.Metropolitan Mortgage Group, Inc*, 175 Wn. 2d 83 (2012). Dkts. 28 and 40. Once *Bain* issued, the Court requested additional briefing from the parties as to what, if any, impact *Bain* had on the claims on which the Court reserved ruling. Dkt. 40.

## I.    FACTUAL & PROCEDURAL BACKGROUND

On October 11, 2011, the Boags, as individuals and the marital community comprised thereof, filed a complaint against Defendants. Dkt. 1. Their lawsuit arises out of a mortgage loan obtained by the Boags from Defendant OwnIt Mortgage Solutions,

ORDER - 1

Inc. to finance real property located at 180 West Manor Road, Shelton, Washington 98584.  Dkt. 1 at 3-4. The deed of trust executed in connection with the promissory note identifies Mortgage Electronic Registrations Systems, Inc. ("MERS") as the beneficiary acting "solely as a nominee for Lender and Lender's successors and assigns."  Dkt. 1 at 7. The Boags admit defaulting on their loan payments on October 1, 2008.  Dkt. 1 at 5.  In their complaint, the Boags assert claims against Defendants for: (1) declaratory relief; (2) violation of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601, et seq.; (3) quiet title; (4) fraud in the inducement; (5) violation of the Washington Consumer Protection Act ("CPA"), RCW § 19.86; and (6) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.  Dkt. 1 at 11-22.

On November 29, 2011, Defendants Litton Loan Servicing, LP, HSBC Bank USA, National Association, as Trustee for OwnIt Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-2, Mortgage Electronic Registration Systems Inc., and Wells Fargo Bank, N.A. (collectively, "Defendants") filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of all claims alleged against them in the Boags' complaint.  Dkts. 15 & 16.  On December 17, 2011, the Boags responded in opposition, and, in part, requested that the Court await the issuance of *Bain* before deciding the motions to dismiss. Dkt. 21 at 7-8.  On January 3, 2012, Defendants replied (Dkt. 26).  On December 6, 2012, Defendant Northwest Trustee Services, Inc. ("NWTS") also filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of all claims alleged against it in the Boags' complaint.  Dkt. 19.  On January 2, 2012, the Boags responded.  Dkt. 24.  On January 6, 2012, NWTS replied.  Dkt. 27.

On March 3, 2012, the Court issued an order granting in part and denying in part Defendants' motion to dismiss. Dkt. 28. In that order, the Court dismissed with prejudice all claims against Wells Fargo. Dkt. 28 at 4-5. As to Defendants Litton Loan Servicing, LP, HSBC Bank USA, National Association, as Trustee for OwnIt Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-2, MERS, the Court dismissed all claims, excepting the Boags' claims for declaratory relief, quiet title and CPA violations. *See id.* The Court also granted the Boags an opportunity to amend their complaint as to the fraud claims, RESPA allegations and FRCA claims against Defendants. *Id.* at 11. As to NWTS, the Court dismissed with prejudice the Boags' RESPA and quiet title claims but dismissed their request for declaratory relief and their fraud claim without prejudice. *Id*. at 12. Additionally, the Court noted that if the "Boags wish to amend their complaint to allege a claim against NWTS under RCW § 62.24.010, or any other claim against any defendant, they must seek to do so in a properly file[d] motion to amend." *Id.* The Boags never filed a motion to amend their complaint.

On December 12, 2012, the Court issued an order requested additional briefing from the parties as to what, if any, impact *Bain* had on the claims on which the Court reserved ruling. Dkt. 40. Defendants and NWTS complied with the briefing schedule set out in the order. Dkts. 40, 42 and 44. Plaintiffs failed to file a brief opposing any of Defendants' or NWTS's additional argument regarding *Bain* or the dismissal of the claims still pending.

## II. DISCUSSION

### A. Legal Standards

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

Rule 7(b)(2) of the Local Rules states that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." However, in considering a motion for summary judgment, the motion should not be granted simply because there is no opposition, even if the failure to oppose violates a local rule. *See Henry v. Gill Indus.,* 983 F.2d 943, 950 (9th Cir. 1993). Rather, the moving party must demonstrate the absence of genuine issues of material fact, regardless of whether the party against whom the motion for summary judgment is directed has filed any opposition. *See Cristobal v. Siegel*, 26 F.3d 1488, 1491 (9th Cir. 1994). The Court applies the same analysis when a party fails to respond to a motion to

Case 3:11-cv-05838-BHS   Document 52   Filed 06/19/13   Page 5 of 8

1  dismiss, in that the moving party must demonstrate why the plaintiff has failed to state a

2  claim in order for the motion to be granted.

3  **B.    Application of Legal Standards**

4        Defendants seek dismissal of Plaintiffs' claims for declaratory relief, quiet title

5  and CPA claims, arguing that *Bain* does not change their position that the Court should

6  dismiss all remaining claims against them, but essentially further supports their position.

7  Dkts. 15 and 44.  Defendants seek dismissal for the following reasons: (1) the claims for

8  declaratory judgment and quiet title fail as to MERS and Litton as they do not claim any

9  interest in the secured property; (2) the same claims fail as to HSBC Bank because it

10 is empowered to initiate foreclosure as it is the holder of the note, not because MERS

11 assigned it the deed and that the assignment is merely public records of that fact; (3)

12 Plaintiffs have not suffered any prejudice or harm to meet the pleading requirements for a

13 CPA claim by the simple fact that MERS was named as the beneficiary under the deed of

14 trust; and (4) Plaintiffs have failed to allege a public interest impact as to Litton Loan

15 Servicing or HSBC Bank, as Trustee, to support a claim under the CPA.

16       Defendants provide a well-reasoned analysis of *Bain*, the Boags' complaint, and

17 other relevant case law to support their position that the remaining allegations, excepting

18 the CPA claim, against them should be dismissed for failure to state a claim based on

19 some of the reasons set forth above.  Dkt. 44 at 1-8.  Further, the Boags provided no

20 response opposing Defendants' well-supported arguments, though the Court specifically

21 requested it.  Dkt. 40.  Thus, as the Court was inclined to do before the issuance of *Bain*,

22 based on case law prior to *Bain* and Plaintiffs' failure to allege facts or advance an

argument that distinguishes their case from recent prior cases supporting Defendants' motion to dismiss (*see* Dkt. 28 at 6), the Court determines that Defendants' motion to dismiss the remaining claims is granted, with the exception of the Boags' CPA claim.

In its prior order, the Court determined that, independent of the Boags' allegations regarding the role of MERS:

> [they] allege additional facts in support of their CPA claim regarding Defendants' unfulfilled promise to refinance their home following the improvements made to the home, Defendants acting deceptively in not providing the proper documentation and failing to disclose the precise terms of the loan, as well as misappropriating mortgage and escrow payments. *See* Dkts. 1 & 21 at 9-10. The Court concludes that the Boags have sufficiently pled their CPA claim based on these facts. Although it is unclear to the Court whether the Boags will ultimately prevail in establishing the public interest, as well as the other elements, and ultimately proving their CPA claim, the Court concludes that their alleged facts, when taken as true, are sufficient to support a CPA claim and defeat Defendants' motion to dismiss.

Dkt. 28 at 9-10. Nothing in Defendants' supplemental briefing demonstrates that post-*Bain*, this portion of the Court's order is rendered null and void.

NWTS also seeks dismissal of Plaintiffs' two remaining claims against it, their request for declaratory relief and alleged CPA violations.[1] Dkt. 42. The Boags base their request for declaratory relief on their allegation that MERS is not entitled to act as the beneficiary under the deed of trust pursuant to the Washington Deed of Trust Act ("DTA") and therefore, the assignment from MERS to HSBC was invalid. *See id*. at 7

---

[1] NTWS also argues that the quiet title claim against them should be dismissed. Dkt. 42 at 8-9. However, the Court has already dismissed that claim with prejudice. Dkt. 28 at 12. In fact, in their response to NTWS's initial motion, the Boags conceded that their quiet title claim against NWTS should be dismissed with prejudice. Dkt. 28 at 11 (*citing* Dkt. 24 at 2).

(*citing* Dkt. 28 at 5 and Dkts. 1 at 11-13 & 18).  However, NWTS argues that while *Bain* does not speak directly to the issue here, it cites to post-*Bain* case law interpreting and distinguishing that case, to supports its motion to dismiss Plaintiffs' action for declaratory relief.  *See* Dkt. 42 at 5-7.  According to NTWS, case law supports that, in this non-judicial foreclosure action where "entities carr[ied] out the foreclosure [without] rely[ing] on MERS or MERS assignment or appointment for the right to foreclose, but instead rel[ied] on possession of the Note" (*id.* at 5), NWTS was acting at the direction of HSBC Bank as Trustee, who was the holder of the note, had the right to enforce the note, and appointed NWTS as successor trustee (*id*. at 7-8).  Thus, rather than acting at the direction of MERS, NTWS acted at the direction of HSBC Bank as Trustee and holder of the note.  *Id*. at 5 and 7-8.  Therefore, NTWS essentially maintains that the Boags fail to state a claim upon which declaratory relief can be granted generally, and, with regard to NWTS in particular, the Boags' complaint fails to "identify any specific declaratory relief it seeks in relation to [NTWS]."  *Id.* at 8.  The Court agrees.

       The Boags alleged CPA violation against NTWS depended on their contention that NTWS acted "deceptive[ly]" under the CPA by "proceeding with foreclosure knowing that it was inappropriate to do so with MERS acting as beneficiary."  Dkt. 24 at 8.  As NTWS argues in relevant part, "'[T]he mere fact MERS is listed on the deed of trust as a beneficiary is not itself an actionable injury' under the CPA.'"  Dkt. 42 at 9 (*citing Bain*, 175 Wn. 2d at 120).  NTWS further argues that "[g]iven that the identification of MERS in the Deed of Trust in itself is not a *per se* CPA violation," the Boags' CPA claim must fail as to NTWS, as "[t]he Complaint is completely devoid of

1  any factual allegations that support a claim as to Northwest Trustee that could reasonably

2  amount to a deceptive act or practice." *Id*. at 9-10.  The other deceptive acts regarding

3  Defendants' failure to refinance the Boag's home to provide proper documentation and

4  disclosure of loan terms or the misappropriation of mortgage and escrow payments do not

5  relate to NTWS, who acted as successor trustee.

6  Given NWTS's well-supported analysis and the lack of additional briefing from

7  the Boags opposing NTWS's post-*Bain* position, the Court finds that NTWS is entitled to

8  dismissal of the remaining claims against it.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 15) is **GRANTED in part** with respect to the Boags' claim for declaratory relief and quiet title; those claims are **DISMISSED with prejudice.**  NWTS's motion to dismiss (Dkt. 19) is **GRANTED** and all claims against it are **DISMISSED with prejudice**.

Dated this 19th day of June, 2013.

BENJAMIN H. SETTLE
United States District Judge