1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

RANDY BOAG, et al.,

9                          Plaintiffs,

10             v.

11  LITTON LOAN SERVICING, et al.,

12                          Defendants.

13

CASE NO. C11-5838 BHS

ORDER GRANTING IN PART
PLAINTIFFS' MOTION FOR
RELIEF, REQUIRING
PLAINTIFFS AND PENFIELD TO
SHOW CAUSE, AND RENOTING
PLAINTIFFS' AND
DEFENDANTS' MOTIONS FOR
RELIEF

14

15        This matter comes before the Court on Plaintiffs Randy and Katheryn Boag's ("the

16  Boags") motion for relief from discovery orders and for other relief (Dkt. 57) and

17  Defendants' motion for relief from deadlines (Dkt. 65). The Court has considered the

18  pleadings filed in support of and in opposition to the motions and the remainder of the

19  file and hereby grants in part the Boags' motion for relief from discovery and other

20  orders; requires the Boags to show cause why the case should not be remanded; requires

21  Penfield to show cause why he should not be sanctioned; and renotes Defendants' motion

22

1  for relief from deadlines and the remainder of the Boags' motion for relief from

2  discovery and other orders.

3  ## I. PROCEDURAL & FACTUAL BACKGROUND

4       On October 11, 2011, the Boags, as individuals and the marital community

5  comprised thereof, filed a complaint against Defendants. Dkt. 1. Their lawsuit arises out

6  of a mortgage loan obtained by the Boags from Defendant OwnIt Mortgage Solutions,

7  Inc. to finance real property located at 180 West Manor Road, Shelton, Washington,

8  98584. Dkt. 1 at 3-4. The deed of trust executed in connection with the promissory note

9  identifies Mortgage Electronic Registrations Systems, Inc. ("MERS") as the beneficiary

10 acting "solely as a nominee for Lender and Lender's successors and assigns." Dkt. 1 at 7.

11 The Boags admit defaulting on their loan payments on October 1, 2008. Dkt. 1 at 5. In

12 their complaint, the Boags assert claims against Defendants for: (1) declaratory relief; (2)

13 violation of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601, *et*

14 *seq.*; (3) quiet title; (4) fraud in the inducement; (5) violation of the Washington

15 Consumer Protection Act ("CPA"), RCW § 19.86; and (6) violation of the Fair Credit

16 Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Dkt. 1 at 11-22.

17      On November 29, 2011, Defendants Litton Loan Servicing, LP, HSBC Bank USA,

18 National Association, as Trustee for OwnIt Mortgage Loan Trust, Mortgage Loan Asset-

19 Backed Certificates, Series 2005-2, MERS, and Wells Fargo Bank, N.A. (collectively,

20 "Defendants") filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), seeking

21 dismissal of all claims alleged against them in the Boags' complaint.  Dkts. 15 & 16.  On

22 December 17, 2011, the Boags responded in opposition, and, in part, requested that the

Court await the issuance of the Washington State Supreme Court's decision in *Bain v. Metropolitan Mortgage Group , Inc. et al.*, 175 Wn. 2d 83 (2012), before deciding the motions to dismiss.  Dkt. 21 at 7-8.  On January 3, 2012, Defendants replied (Dkt. 26).  On December 6, 2012, Defendant Northwest Trustee Services, Inc. ("NWTS") also filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of all claims alleged against it in the Boags' complaint.  Dkt. 19.  On January 2, 2012, the Boags responded.  Dkt. 24.  On January 6, 2012, NWTS replied. Dkt. 27.

On March 3, 2012, the Court issued an order granting in part and denying in part Defendants' motion to dismiss. Dkt. 28. In that order, the Court dismissed with prejudice all claims against Wells Fargo. Dkt. 28 at 4-5. As to Defendants Litton Loan Servicing, LP, HSBC Bank USA, National Association, as Trustee for OwnIt Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-2, MERS, the Court dismissed all claims, except the Boags' claims for declaratory relief, quiet title and CPA violations. *See id*. The Court also granted the Boags an opportunity to amend their complaint as to the fraud claims, RESPA allegations, and FRCA claims against Defendants. *Id*. at 11.  As to NWTS, the Court dismissed with prejudice the Boags' RESPA and quiet title claims but dismissed their request for declaratory relief and their fraud claim without prejudice. *Id*. at 12. Additionally, the Court noted that if the "Boags wish to amend their complaint to allege a claim against NWTS under RCW § 62.24.010, or any other claim against any defendant, they must seek to do so in a properly file[d] motion to amend." *Id*. The Boags never filed a motion to amend their complaint.

1    On December 12, 2012, the Court issued an order requested additional briefing

2  from the parties as to what, if any, impact *Bain* had on the claims on which the Court

3  reserved ruling.  Dkt. 40.  Defendants and NWTS complied with the briefing schedule set

4  out in the order.  Dkts. 40, 42 and 44.  Plaintiffs failed to file a brief opposing any of

5  Defendants' or NWTS's additional argument regarding *Bain* or the dismissal of the

6  claims then pending.

7    On June 19, 2013, the Court entered an order dismissing Plaintiffs' claims for

8  declaratory relief and quiet title with prejudice and dismissing NWTS from the action

9  entirely.  Dkt. 52.  Plaintiffs' Consumer Protection Act claim is the only claim remaining.

10    On March 1, 2013, Defendants served Requests for Production of Documents,

11  Set One to Randy L. Boag and Requests for Production of Documents, Set One to

12  Katherine A. Boag.  Dkt. 46, Ex. A.  The discovery was served on Robert Penfield

13  ("Penfield") and Charles Greenberg ("Greenburg"), both of whom were listed on the

14  Court's docket as attorneys of record for the Boags. *Id*.  The discovery responses were

15  due on April 3, 2013 and despite Defendants' attempts to meet and confer, neither the

16  Boags nor their counsel responded.

17    On May 15, 2013, Defendants filed a Motion to Compel Production of Documents

18  and seeking sanctions for the Boags' failure to comply with the rules of discovery.  Dkt.

19  45.  Defendants' motion was served on attorneys of record Charles Greenberg and Robert

20  Penfield. *Id*.  After that motion was filed, attorney Charles Greenberg filed a motion to

21  withdraw, which was served on the Boags.  Dkt. 48.

22

On May 31, 2013, Defendants served Notice of Depositions for both Randy Boag and Katherine Boag on Greenberg and Penfield via overnight mail and via e-mail.  *See* Dkt. 51-1.  However, neither the Boags nor their attorneys of record appeared at the depositions.  *See id.*  On June 12, 2013, the Court granted Defendants' unopposed motion to compel and required the Boags to pay sanctions.   Dkt. 50.

On June 24, 2013, Defendants served Requests for Admission on the Boags through Penfield.   Dkt. 61.   The deadline to respond or otherwise object to the discovery was July 27, 2013.  No objections or other responsive documents were received by Defendants' counsel. *Id.*

On June 27, 2013, Defendants filed a Motion to Compel Depositions, wherein the Defendants advised the Court that the Boags failed to appear at their properly noticed depositions.  Dkt. 53.   On July 16, 2013, the Court granted the motion to compel, requiring the Boags appear at their depositions within 15 days and pay sanctions.  Dkt. 55.

On July 26, 2013, Matthew Geyman filed a Notice of Appearance on behalf of the Boags.  Dkt. 57.

On August 1, 2013, the Boags filed a motion for relief from the Court's Order Granting Unopposed Motion to Compel Production of Documents from Plaintiff (Dkt. 50), and its Order re Motion to Compel Deposition of Randy L. Boag and Katherine A. Boag (Dkt. 55).  Dkt. 57 at 1.  Additionally, the Boags move for an order extending the discovery deadline. *Id.* at 1-2.  On August 14, 2013, Defendants filed a response in

1    opposition to the Boags' motion.  Dkt. 60.  On August 16, 2013, Plaintiffs filed a reply.

2    Dkt. 61.

3        On August 11, 2013, Defendants filed a motion for relief from deadlines.  Dkt. 65.

4    On August 18, 2013, the Boags filed a response, in part opposing Defendants' motion.

5    Dkt. 66.  On August 20, 2013, Defendants replied.  Dkt. 68.  On August 23, 2013, the

6    Boags filed a surreply and motion to strike improper material in Defendants' reply.  Dkt.

7    71.

8                              **II.    DISCUSSION**

9        The Boags seek relief from the aforementioned orders under 60(b)(6) based on

10   what they argue is the "gross negligence" of the Boags' former counsel, Penfield.  Dkt.

11   57.  In brief, the Boags argue that Penfield was grossly negligent in failing to: (1) follow

12   the Court's orders and to comply with established deadlines; (2) keep the Boags informed

13   of the progress of the case; (3) file pleadings on behalf of the Boags; (4) provide them

14   with the requests for production that had been served on him; (5) notify them of the

15   depositions scheduled by opposing counsel; and (6) inform them of the sanctions the

16   court imposed on the Boags related to the actions listed above.  *See, e.g.,* Dkt. 57 at 2-5.

17   The Boags argue that Penfield's pattern of "gross negligence" and ethical violations in

18   other cases within this district further support the Boags' motion for relief.  *Id.* at 5 -7.

19   Based on Penfield's gross negligence, the Boags also ask for an extension of discovery

20   and other deadlines pursuant to Fed. R. Civ. P. 16(b)(4).  *Id.* at 11-12.

21       In summary, Defendants argue that the 60(b)(6) relief is not warranted because the

22   Boags cannot demonstrate that circumstances beyond their control resulted in their

1  inability to prosecute the case. Dkt. 60 at 10-15.  The Defendants maintain that Penfield's

2  conduct was not the type that constitutes gross negligence, *e.g.* he neither deliberately

3  mislead the Boags nor were they prevented from prosecuting their case.  *See id.* at 11-12.

4  Defendants maintain that the Boags took a "head-in-the sand approach" (*id.* at 12) and

5  continued to live in subject property "rent-free, insurance-free and tax-free" at the

6  Defendants' expense.  *Id.* at 4.  While Randy Boag's declaration indicates that they

7  attempted to contact Penfield and received no response or communication from him

8  between February 2013 and July 18, 2013, Defendants argue that they "were not

9  prevented from obtaining information on their case.  *Id.* at 13.  Rather, they "elect[ed]"

10  not to take any action for months.  *Id.* at 13.  To the extent that the Boags believe

11  Penfield's actions have violated the rules of professional conduct or resulted in a failure

12  to protect their interests, Defendants argue that they can seek redress from Penfield in

13  another forum that does not prejudice the Defendants, who have been properly defending

14  this action.  *Id.* at 15.

15  **A.    Legal Standard for 60(b)(6) Relief**

16           It has been long held that a party to litigation "is deemed bound by the acts of his

17  lawyer-agent and is considered to have 'notice of all facts, notice of which can be

18  charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962) (quoting

19  *Smith v. Ayer*, 101 U.S. 320, 326 (1880)). *See also Pioneer Investment Services Co. v.*

20  *Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 396–97(1993) (*quoting Link*).  In

21  *Link*, the Supreme Court held that the district court properly dismissed a case for failure

22

1    to prosecute when plaintiff's attorney failed to appear at a scheduled pretrial conference

2    after litigating the action in a dilatory fashion.  *Id.* at 633. The Supreme Court observed:

3           There is ... no merit to the contention that dismissal of petitioner's claim
            because of his counsel's unexcused conduct imposes an unjust penalty on
4           the client. Petitioner voluntarily chose this attorney as his representative in
            the action, and he cannot now avoid the consequences of the acts or
5           omissions of this freely selected agent.

6    *Id.* at 633–34.

7           In *Pioneer*, the Court held that, in examining whether to relieve creditors in a

8    bankruptcy proceeding of a default for "excusable neglect," analysis should focus not on

9    "whether respondents did all they reasonably could in policing the conduct of their

10   attorney, [but] rather ... on whether their attorney, as respondents' agent, did all he

11   reasonably could to comply with the court-ordered bar date." *Pioneer,* 507 U.S. at 396. In

12   *Pioneer*, the creditors had failed to file proofs of claim in a timely fashion in the

13   bankruptcy court, purportedly because of their attorney's negligence. Emphasizing that

14   "respondents [should] be held accountable for the acts and omissions of their chosen

15   counsel," the Court stated that the proper inquiry was "whether the neglect of respondents

16   and their counsel was excusable." *Id.* at 397 (emphasis original).

17          Despite this well-settled rule, the Ninth Circuit has joined several other circuits in

18   distinguishing between "a client's accountability for his counsel's neglectful or negligent

19   acts—too often a normal part of representation—and his responsibility for the more

20   unusual circumstance of his attorney's extreme negligence or egregious conduct."

21   *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).  In *Tani*, the

22   court considered a defendant's request to have a default judgment set aside under Rule

1   60(b)(6), which permits a court to grant relief if a party "demonstrates 'extraordinary

2   circumstances which prevented or rendered him unable to prosecute [his case].'"  *Id*. at

3   1168 (citation omitted).  Acknowledging "the general rule" enunciated in *Link*, the court

4   nonetheless concluded that an attorney's "gross negligence [could] constitute

5   'extraordinary circumstances' warranting relief under Rule 60(b)(6)." *Id.* at 1168 and

6   1169 ("We join the Third, Sixth, and Federal Circuits in holding that where the client has

7   demonstrated gross negligence on the part of his counsel, a default judgment against the

8   client may be set aside pursuant to Rule 60(b)(6)").

9   **B.    Application of the Standard for 60(b)(6) Relief**

10          Ninth Circuit case law on this issue is not well developed.  However, given the

11   rulings in *Tani* and *Lal* as well as district court decisions interpreting those Ninth Circuit

12   cases, the Court finds that Penfield's conduct constitutes gross negligence warranting

13   relief.  Like the attorney in *Tani*, Penfield "virtually" abandoned the Boags by failing to

14   file pleadings, oppose motions, participate in discovery and adhere to the Court's orders,

15   which resulted in injury to the Boags, including sanctions as well as their right to defend

16   against the dismissal of many of their claims.  282 F. 3d 1170-71.

17          Specifically, Penfield failed to file a brief on the impact of *Bain*, thus violating the

18   Court's order requiring such briefing.  Dkt. 44.  Penfield did not attempt to protect the

19   Boags' interests in that instance.  Additionally, Penfield never told the Boags that he

20   violated the Court's order by not responding to it, nor did he ever tell them about the

21   Court's June 19, 2013 order of dismissal, which was based in part on Penfield's failure to

22   respond to the Court's order requiring briefing on *Bain*.  Dkt. 58 at 3-4 (Declaration of

1  Randy Boag).  The Boags did not learn of Penfield's conduct until July 18, 2013.  *Id*. at

2  3.

3         Additionally, Penfield never informed the Boags of Defendants' request for

4  production (Dkt. 46 at 2).  Dkt. 58 at 3.  As a result, the Boags were unaware of them and

5  thus did not respond.  *Id*.  Penfield also failed to inform the Boags that Defendants sent

6  out notices of deposition (Dkt. 53 at 2); therefore, they had no notice that the depositions

7  were scheduled and did not appear.  Dkt. 58 at 3.  Further, Penfield did not inform the

8  Boags of Defendants' motion to compel the requested documents (Dkt. 45), and he did

9  not respond to the motion.  Dkt. 58 at 3. As a result, the Court granted Defendants'

10  unopposed motion to compel, ordering the Boags to produce documents "without

11  objections" within 15 days and sanctioned the Boags $500.00.  *See* Dkt. 50.  Penfield also

12  failed to notify the Boags of that order, and they did not learn of it until July 18, 2013.

13  Dkt. 58 at 3.

14         Furthermore, the record reflects that Penfield failed to inform the Boags of

15  Defendants' motion to compel their depositions (Dkt. 53) and, again, he did not respond

16  to their motion.  Dkt. 53 at 3.  Thus, the Court granted Defendants' unopposed motion.

17  Dkt. 55.  The Boags were ordered to make themselves available for their depositions and

18  pay $900 in monetary sanctions for not appearing, as well as $606 to cover Defendants'

19  costs.  *Id*.  Once again, Penfield did not inform the Boags of the Court's order, and they

20  did not learn of it until July 18, 2013.  Dkt. 53 at 3.  Since February 13, 2013, Randy

21  Boag left multiple messages at Penfield's office.  *Id*.  However, Penfield never returned

22  his calls or otherwise communicated with the Boags.  *Id*.

On the facts of this case, as the Boags observe, *Lal v. California*, 610 F.3d 518, 520-21 (9th Cir. 2010), further supports their claim for relief.  Dkt. 57 at 9. In *Lal*, the Ninth Circuit found that counsel was grossly negligent in failing to meet deadlines and attend hearings; make initial disclosures; communicate with the client about a scheduled case management conference and other matters essential to the case; return the client's voicemail messages; and respond to an order from the court that required a response. *Id.* at 521-22.  Applying the reasoning of *Tani*, the Ninth Circuit held that the Rule 60(b)(6) motion for relief should have been granted, and it reversed the decision of the district court that had denied relief. *Id*. at 527.

Defendants correctly point out that Penfield did not make the same affirmative misrepresentations to the Boags regarding how their case was proceeding as did the attorney found to be grossly negligent in *Tani*.  Dkt. 60 at 11. Defendants also observe that, unlike the instant case, in *Tani*, counsel "explicitly misrepresented to his client that the case was proceeding properly" after default judgment had been entered against him. Dkt. 60 at 11.  Nor, as Defendants claim, did Penfield lie to the Boags in the same way that counsel in *Lal* lied to his client.  *Id*.  In that case, when counsel explicitly told Lal that the Defendants needed more discovery, the district court had already dismissed Lal's case for failure to prosecute.  *Id*. at 11-14.  Additionally, Lal's attorney continued to affirmatively misrepresent how the case was proceeding in the months that followed dismissal.  *Id*. For example, he told Lal he had scheduled depositions in the case, stated that he had re-filed her suit in state court, represented that he was going to file a pre-

1    hearing motion, and reassured Lal he would provide her copies of all the documents he

2    falsely claimed to have filed in her case. *Id*. at 12.

3          Despite the differences among these cases, as this Court interprets the Ninth

4    Circuit's existing case law on gross negligence, Penfield's conduct is indeed the type

5    which falls into that category.  While the evidence does not necessarily show that

6    Penfield affirmatively lied to the Boags after February 13, 2013, the record does indicate

7    that Penfield kept the Boags' $5000.00 retainer fee, but did not follow through on his

8    professional responsibility to represent their interests by failing keeping the Boags

9    informed and following Court orders.  Although Defendants argue that the Boags should

10   be charged with knowledge of Penfield's actions, especially because his lack of

11   communication should have "spurred" them into action and nothing prevented the Boags

12   from checking the status of their case, the Court disagrees.  Dkt. 60 at 12-14.  To support

13   their argument, Defendants cite *Matrix Motor Inc. v. Toyota Jidosha Kabushiki Kaisha*,

14   218 F.R.D. 667 (C.D. Cal. 2003), where the Court found Matrix's attorney was not

15   grossly negligent and that Matrix took no "action to protect its rights."  In *Matrix*,

16   however, the district court took into consideration the background of the client, and stated

17   that had he been as concerned about the progress of his case as he claimed,

18         as a prudent businessman, [he would] have taken steps to create a written
          record of his concerns. If, moreover, his attorney refused to meet with
19        company representatives [footnote omitted], he would have taken
          affirmative steps to locate new counsel. None of these things, however, was
20        done.

21

22

*Matrix,* 218 F.R.D. at 675.  The Court finds that the Boags have not shown that they

acted in a fully prudent manner in following the progress of their case.  However, there is

no evidence in the record suggesting that they are sophisticated business people, who

should have known that the attorney they paid to represent their interests was entirely

neglecting to do so after February 13, 2013 and that they should have taken matters into

their own hands.  Further, when the Court is presented with this type of egregious

conduct exhibited by counsel, it errs on the side of permitting his or her clients to have

their day in court.  As the Ninth Circuit stated in *Tani,* Rule 60(b) is "remedial in nature

and thus should be liberally applied" and "whenever possible, [a case] should be decided

on the merits."  282 F. 3d 1170 (finding the latter proposition applicable in the context of

default judgment).  Therefore, the Boags are granted 60(b)(6) relief as set forth below.

### 1.    Order Granting Unopposed Motion to Compel Production of Documents

The Boags request that they be relieved from the portion of the Court's order (Dkt.

50) compelling production of documents "without objections," insofar as that order

would require waiver of the attorney-client privilege based on the conduct of  Penfield.

*See* Dkt. 50 (stating that Plaintiffs "shall serve responsive documents [on Defendants],

without objections . . .").  The Boags argue that they did not intend to waive the attorney-

client privilege and should not suffer the consequences of a waiver based on the gross

negligence and ethical violations of Penfield.  Dkt. 57 at 10 (*citing Lal*, 610 F.3d at 525-

26; *Tani,* 282 F.3d at 1172; *see also Moe v. System Transport, Inc.*, 270 F.R.D. 613, 623

(D. Mont. 2010) ("A waiver of the attorney-client privilege . . . is a harsh sanction

1  reserved generally for unjustified, inexcusable, or bad faith conduct, and a waiver may be

2  unnecessary where other remedies are available")).

3        Given Penfield's grossly negligent conduct, the Court agrees with the Boags.

4  Their motion is granted as to this request pursuant to Fed. R. Civ. P. 60(b)(6). According

5  to Defendants, they have already received the requested documents.  Dkt. 65 at 4 (Motion

6  for Relief from Deadlines).

7        **2.      Order Granting Motion to Compel Depositions of the Boags**

8        The primary relief the Boags seek from this order is addressed below under

9  monetary sanctions.  *See infra*.  The Boags' new counsel has indicated that he has told the

10 Defendants the Boags will be made available for depositions.  Dkt. 57 at 5, n. 1 (*citing*

11 Dkt. 59 at 2 (Declaration of Matthew Geyman)).  Thus, the Boags do not resist

12 Defendants' request that their deposition be taken.  At this point, both the previous court-

13 ordered deadline for the Boags' depositions and the extension of time the Boags

14 requested for discovery (September 6, 2013) have expired.  Dkt. 57 at 12.  The only

15 issues that remain which relate to the Boags' depositions or other discovery are whether

16 good cause exists for extension of those deadlines. Those issues are addressed in the

17 section below discussing the Boags' 16(b)(4) relief and Defendants' motion for relief

18 from deadlines.  *See infra*.

19       **3.      Monetary Sanctions Relating to Orders on Motions to Compel**

20       Following *Tani* and *Lal*, and based on Penfield's gross negligence as reflected

21 above, the Boags request that the Court issue an order relieving them from the $2006 in

22 monetary sanctions assessed against Boags personally (Dkts. 50 & 55).   Instead, they

1   request that Penfield be assessed those sanctions.  The Boags note that Judge Leighton

2   recently assessed the monetary sanctions against Penfield personally based on his

3   conduct, and not against Penfield's clients.  *See Kelly v. Chase Home Finance, LLC*,

4   W.D. Wash. No. 13-5029-RBL, Dkt. 13 at 2. Similarly, Judge Coughenour assessed

5   $1,000 in sanctions against Penfield personally, because it was Penfield, and not his

6   client, who was responsible for the misconduct.  *Sanders v. Long Beach Mortgage Co*.,

7   W.D. Wash. No. 13-0664-JCC, Dkt. 11 at 3.  Likewise, the Boags request that this Court

8   amend its prior orders to relieve them from the monetary obligation and assess those

9   sanctions against Penfield.

10         Given the gross negligence committed by Penfield, the Court agrees with the

11  Boags. Based on the record before it, the Boags were not responsible for the conduct that

12  led to the Court's sanctions; rather, Penfield was.  Therefore, the Court hereby relieves

13  the Boags from the obligation to pay the sanctions (*see* Dkts. 50 and 55). Although it

14  appears that the Boags have terminated Penfield as counsel, on the docket he remains an

15  attorney of record in this action.  The Court requires Penfield to show cause as to why the

16  sanctions previously imposed upon the Boags (*see* Dkts. 50 and 55) should not be

17  imposed upon him.  He must show cause no later than October 16, 2013.  Otherwise,

18  without further notice, the Court will issue an order imposing the sanction upon Penfield.

19  **C.     Show Cause Regarding Remand to State Court**

20         Under 28 U.S.C. 1367(a), district courts have original jurisdiction and shall have

21  supplemental jurisdiction over all other claims that are so related to claims over which the

22  Court has original jurisdiction that they form part of the same case or controversy.  Under

ORDER - 15

1    this provision, the Court exercised supplemental jurisdiction over a number of state

2    claims, as it had original jurisdiction over the related federal claims asserted in this

3    action.  However, the only remaining claim falls under the Consumer Protection Act, a

4    Washington state law claim.  Due to the dismissal of claims that were based on federal

5    question jurisdiction, it appears this Court may decline to retain jurisdiction[1], as complete

6    diversity of citizenship among Defendants does not exist: Discovery Financial is a

7    Washington corporation.  Dkt. 1 at 3.[2]

8         By October 18, 2013, the Boags are required to show cause why this action should

9    not be remanded to state court. Defendants may respond by October 25, 2013.  Briefs

10   must not exceed six pages.

11   **D.    Plaintiffs' Request for Relief Pursuant to Fed. R. Civ. P. 16(b)(4) and
           Defendants' Motion For Relief from Deadlines**

12
13        Pursuant to Fed. R. Civ. P. 16(b)(4), the Boags ask the Court to extend the

14   discovery deadline.  Dkt. 57 at 11-12.  The rule provides that the Court may modify the

15   case schedule "for good cause."  Fed. R. Civ. P. 16(b)(4).  The basis on which the Boags

16   seek an extension is the gross negligence of Penfield.  Because the Court has determined

17   _____

18        [1] 28 U.S.C. § 1367(c) reads:
               (c) The district courts may decline to exercise supplemental jurisdiction over a
19             claim under subsection (a) if—
                                              ***
20             (3) the district court has dismissed all claims over which it has original
               jurisdiction
21
          [2] Discovery Financial has not appeared in this action, though they were served with a
22   summons and complaint.  Dkt. 7.

1    that Penfield committed gross negligence in his representation of the Boags, good cause

2    exists to modify the scheduling order.

3          Defendants, by separate motion, seek relief from the discovery deadlines

4    established by the Court in prior orders.  Dkt. 65 (Motion for Relief from Deadlines).

5    Defendants request that the Court extend discovery by 90 days and provide additional

6    time for filing dispositive motions.  *Id.*  Due to the Boags' failure to timely comply with

7    discovery deadlines, the Defendants argue that these extension should not apply to the

8    Boags.  The Boags do not oppose Defendants' requests for extensions.  Dkt. 66.

9    However, they essentially argue that due to Penfield's gross negligence and the time

10   necessary for their newly retained counsel to prepare the case, any extension should

11   equally apply to them.  Dkt. 66 at 2.  Therefore, the Boags request that the Court extend

12   the discovery and dispositive motion deadlines by 90 days and set a new trial date

13   consistent with the adjusted pre-trial dates.  *Id*. at 6.

14         Under the circumstances of this case, the Court agrees with both parties that the

15   discovery and dispositive motion deadlines should be extended.  Contrary to Defendants'

16   request and due to Penfield's negligence, good cause exists to provide extensions to the

17   Boags as well as the Defendants.  Additionally, the Court finds that a new trial date is

18   also appropriate.  However, the Court reserves final ruling on the establishment of new

19   deadlines relating to the Boags' Fed. R. Civ. P. 16(4)(b) request and Defendants' motion

20   for relief from deadlines, until it has determined whether it should retain jurisdiction.

21

22

ORDER - 17

1    Therefore, it is hereby **ORDERED** that:

2    1.    Plaintiffs' motion for relief from discovery orders and other relief is

3    **GRANTED in part** (Dkt.57) consistent with this order;

4    2.    Penfield must show cause why the sanctions previously imposed upon the

5    Boags should not be imposed against him in accordance with this order;

6    3.    Plaintiffs must show cause why this Court should retain jurisdiction in

7    accordance with the deadlines set forth herein;

8    4.    The Court **RESERVES** final ruling on Defendants' motion for relief from

9    deadlines (Dkt. 65) and the remainder of Plaintiffs' motion for relief from discovery and

10   other orders (Dkt. 57) until after good cause has been shown that the Court should retain

11   jurisdiction; and

12   5.    The parties' respective motions (Dkts. 57 and 65) are renoted to October

13   25,  2013.

14   Dated this 9th day of October, 2013.

15

16

17   BENJAMIN H. SETTLE
     United States District Judge

18

19

20

21

22